IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**WAVERLY M. RICHARDSON, JR.,**

    Petitioner,

v.                                                             Civil Action No. **3:13CV159**

**HAROLD W. CLARKE,**

    Respondent.

## MEMORANDUM OPINION

Waverly M. Richardson, Jr., a Virginia prisoner proceeding *pro se*, submitted this petition for a writ of habeas corpus under 28 U.S.C. § 2254. Richardson contends the Virginia Parole Board ("VPB") violated his rights by refusing to release him on discretionary parole. Specifically, Richardson contends that:

| | |
|---|---|
| Claim One | The VPB violated Richardson's right to due process.[1] "The Virginia Parole Board violated the Due Process Clause by using their own standards to consider me/Petitioner for parole release . . . ." (§ 2254 Pet. 6.)[2] |
| Claim Two | "Parole Board abused it[s] discretionary power by denying Petitioner substantial and procedural due process rights by claiming a factor that will never change as the reason parole release should be denied when Petitioner meets all required criteria . . . ." (*Id.* at 7.) |
| Claim Three | "Ex Post Facto violation[:[3]] Va. Code § 53.1-155 was applied to Petitioner retroactively abolishing parole release altogether." (*Id.* at 9.) |

---

    [1] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

    [2] The Court has corrected the capitalization in the quotations to Richardson's submissions.

    [3] "No . . . ex post facto Law shall be passed." U.S. Const. art. I, § 9, cl. 3.

Respondent has moved to dismiss. For the reasons set forth below, the Motion to Dismiss (ECF No. 18) will be GRANTED.[4]

## I. Due Process Claims

The Due Process Clause applies when government action deprives an individual of a legitimate liberty or property interest. *See Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569–70 (1972). Thus, the first step in analyzing a procedural due process claim is to identify whether the alleged conduct affects a protected liberty or property interest. *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997) (citations omitted). Where government action impacts a protected liberty interest, the second step is to determine "what process is due" under the circumstances. *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) (observing that "due process is flexible .... not all situations calling for procedural safeguards call for the same kind of procedure").

A liberty interest may arise from the Constitution itself, or from state laws and policies. *Wilkinson v. Austin*, 545 U.S. 209, 220–21 (2005). "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). "With no constitutional right to parole *per se*, federal courts recognize due process rights in an inmate only where the state has created a 'legitimate claim of entitlement' to some aspect of parole." *Vann v. Angelone*, 73 F.3d 519, 522 (4th Cir. 1996) (quoting *Gaston v. Taylor*, 946 F.2d 340, 344 (4th Cir. 1991)).

---

[4] The Court notes that Richardson's parole related claims may more appropriately be brought under 42 U.S.C. § 1983. *Neal v. Fahey*, No. 3:07cv374, 2008 WL 728892, at *1 (E.D. Va. Mar. 18, 2008) (citations omitted) "The Court need not resolve the issue because [Richardson's] underlying constitutional challenges are frivolous and subject to summary dismissal whether brought under 42 U.S.C. § 1983 or 28 U.S.C. § 2254." *Id.* (citing 28 U.S.C. § 1915A; 28 U.S.C. § 2243).

"Contrary to [Richardson's] view . . . , 'the pertinent [Virginia] statutes, far from creating a presumption that release will be granted [if he meets certain criteria], absolutely prohibits parole unless the Parole Board decides otherwise.'" *Burnette v. Fahey*, No. 3:10CV70, 2010 WL 4279403, at *8 (E.D. Va. Oct. 25, 2010) (second alteration in original) (quoting *James v. Robinson*, 863 F. Supp. 275, 277 (E.D. Va.), *aff'd*, No. 94–7136, 1994 WL 709646 (4th Cir. Dec. 22, 1994)). The United States Court of Appeals for the Fourth Circuit consistently has found the pertinent Virginia statutes governing release on discretionary parole fail to create a protected liberty interest in *release* on parole. *See Burnette v. Fahey*, 687 F.3d 171, 181 (4th Cir. 2012) (citing *Gaston v. Taylor*, 946 F.2d 340, 344 (4th Cir. 1991); *Vann v. Angelone*, 73 F.3d 519, 522 (4th Cir. 1996)). Virginia, however, has created a limited liberty interest in consideration for parole. *Burnette*, 2010 WL 4279403, at *8; *Burnette*, 687 F.3d at 181. "'The question thus becomes what procedures are required under the Due Process Clause in [considering] an inmate for discretionary release on parole.'" *Burnette*, 2010 WL 4279403, at *8 (alteration in original) (quoting *Neal*, 2008 WL 728892, at *2).

The Fourth Circuit has stated that the Constitution requires only a very limited amount of process in considering an inmate for parole. Specifically, "[a]t most, . . . parole authorities must furnish to the prisoner a statement of its reasons for denial of parole." *Burnette*, 687 F.3d at 181 (alteration and omission in original) (citation omitted) (internal quotation marks omitted). "So long as the statement provides a valid ground for denying parole, the federal courts cannot, under the guise of due process, demand more from the state." *Burnette*, 2010 WL 4279403, at *8 (citation omitted).

Here, the VPB provided Richardson with a statement of its reasons for denying him parole. (ECF No. 19–1, at 8–9 (as paginated by the Court's CM/ECF docketing system). Specifically, the VPB declined to release Richardson on parole because:

- Serious nature and circumstances of offense
- Release at this time would diminish seriousness of crime
- Crimes committed

(*Id.* at 8.)[5] The Fourth Circuit has "concluded that that the parole board gave constitutionally sufficient reasons when it informed the prisoner that he was denied parole release because of 'the seriousness of [his] crime' and his 'pattern of criminal conduct.'" *Burnette*, 2010 WL 4279403, at *8 (alteration in original) (quoting *Bloodgood v. Garraghty*, 783 F.2d 470, 472, 474 (4th Cir. 1986)). Because Richardson has received all of the process the Constitution requires, Claims One and Two will be DISMISSED.[6]

## II. Ex Post Facto Claim

In Claim Three, Richardson contends that the VPB violated the Ex Post Facto Clause and applied Va. Code § 53.1–155[7] "to Petitioner retroactively abolishing parole release altogether."

---

[5] In 1989, the Circuit Court of the City of Richmond convicted Richardson of four counts of murder, one count of malicious wounding, and five counts of use of a firearm in the commission of a felony. *Richardson v. Warden of Powhatan Corr. Ctr.*, No. 130717, at 1 (Va. Dec. 3, 2013).

[6] To the extent Richardson contends that the VPB has failed to abide by Virginia law, he fails to state a federal constitutional claim. *See Burnette*, 2010 WL 4279403, at *9–10 (quoting *Hill v. Jackson*, 64 F.3d 163, 171 (4th Cir. 1995)). Any claim by Richardson that the VPB violated state law will be DISMISSED WITHOUT PREJUDICE.

[7] At the time of Richardson committed his crimes that statute stated, in pertinent part:

> No person shall be released on parole by the Board until a thorough investigation has been made into the prisoner's history, physical and mental condition and character and his conduct, employment and attitude while in prison. The Board shall also determine that his release on parole will not be incompatible

(§ 2254 Pet. 9.) "To state a claim for a violation of this provision, a [litigant] must plead facts showing the retroactive application of a new rule that 'by its own terms' or through 'practical implementation' creates a 'significant risk' of extending the period of incarceration to which he is subject." *Burnette*, 687 F.3d at 184 (citing *Garner v. Jones*, 529 U.S. 244, 255 (2000)). Richardson has pled no such facts.[8] Accordingly, Claim Three will be DISMISSED.

### III. Conclusion

The Motion to Dismiss (ECF No. 18) is GRANTED. Richardson's claims will be DISMISSED and the 28 U.S.C. § 2254 petition will be DENIED. The action will be DISMISSED. The Court denies a certificate of appealability.[9]

An appropriate Order shall issue.

/s/ John A. Gibney, Jr.
United States District Judge

Date: 5/14/14
Richmond, Virginia

---

with the interests of society or of the prisoner. The provisions of this section shall not be applicable to persons released on parole pursuant to § 53.1–159.

Va. Code Ann. § 53.1–155(A) (Michie 1998). Richardson fails to explain how the application of this statute abolished parole or violated the Ex Post Facto Clause.

[8] The fact that the VPB may now act less leniently "with respect to violent offenses" fails to indicate that the VPB "has implemented a de facto prohibition of parole for persons convicted of these offenses." *Burnette*, 687 F.3d at 185.

[9] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Richardson fails to meet this standard.

5